FILED
U.S. DISTRICT COURT
BRUNSWICK DIV.

2013 AUG 26 P 2: 29

CLERK_____
SO. DIST. OF GA.

ALEXANDER T. SMITH,  )
                     )
        Petitioner,  )            CIVIL ACTION NO.: CV513-018
                     )
                     )
                     )
   vs.               )
                     )
                     )
                     )
CEDRIC TAYLOR,       )
                     )
        Respondent.  )

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Alexander T. Smith ("Smith"), who is currently incarcerated at Rogers State Prison in Reidsville, Georgia, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 to challenge his convictions obtained in the Coffee County Superior Court. Respondent filed an Answer-Response and a Motion to Dismiss. Smith filed a Response. For the reasons which follow, Respondent's Motion to Dismiss should be **GRANTED**.

## STATEMENT OF THE CASE

Smith was convicted on March 16, 2010, after a jury trial, of two counts of Violation of the Georgia Controlled Substances Act. (Doc. No. 15-1). Smith was sentenced on April 12, 2010, to thirty years, fifteen to serve, for count 1 and thirty years probation for count 2, to be served consecutively. (Id. at p. 8). Meanwhile, on April 9, 2010, it appears Smith filed a *pro se* notice of appeal in the Coffee County Superior

AO 72A
(Rev. 8/82)

Court, although he was still represented by counsel. (Id. at p. 6).[1] Nevertheless, the record reveals no direct appeal was pursued to the Georgia Court of Appeals. On November 29, 2010, Smith then filed a variety of *pro se* motions in the Coffee County Superior Court including Motions to: Set Aside Judgment; Vacate and Void Sentence; Modify Sentence; Motion to Compel Disclosure Evidence; and [for] Fine Reduction (Id. at pp. 11-20).

Smith filed no other motions until September 7, 2012, when he filed a *pro se* extraordinary motion for out of time appeal in the Superior Court of Coffee County. (Id. at pp. 23-27). It appears from the record that there has been no ruling from the superior court on this motion.[2] On October 3, 2012, Smith filed a *pro se* "Motion for Relief" in the Supreme Court of Georgia, requesting the court set aside his conviction, modify his sentence, or grant a new trial. (Id. at p. 32). The Georgia Supreme Court docketed the motion as an application for discretionary appeal and transferred the case to the Georgia Court of Appeals. (Id.). On December 12, 2012, the Georgia Court of Appeals dismissed the appeal due to Smith's failure to seek the requested relief in the lower court and for failing to provide the Court of Appeals with the required records necessary for review. (Id. at pp. 32-33). Finally, Smith filed a motion for an out of time

---

[1] The legal significance of this notice under Georgia law is unclear, as Smith was represented by counsel and the notice of appeal was filed prior to Smith's sentencing.

[2] The record includes an order from the Superior Court of Coffee County denying Smith's Motion for Dismissal of Counselor, Motion for Relief and Petition for Redress dated December 12, 2012. (Doc. No. 15-1, p. 31). This order does not encompass Smith's motion for out of time appeal dated September 7, 2012.

AO 72A
(Rev. 8/82)

appeal in the Superior Court of Coffee County, through new counsel, on June 4, 2013. (Doc. No. 15-2).[3] Smith has never sought state habeas corpus relief.[4]

Smith filed this § 2254 petition on February 22, 2013. Respondent asserts that Smith's petition should be dismissed, as it was not timely filed and for lack of exhaustion.

## DISCUSSION AND CITATION TO AUTHORITY

Smith has failed to exhaust his state remedies.[5] The United States Supreme Court has held that "a state prisoner must present his claims to a state supreme court in a petition for discretionary review in order to satisfy the exhaustion requirement" when discretionary review "is part of the ordinary appellate review process in the State." O'Sullivan v. Boerckel, 526 U.S. 838, 839-40, 847 (1999). Therefore, in order to exhaust state remedies, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." Id. at 845. This exhaustion requirement

---

[3] The record also includes a copy of a *pro se* "extraordinary motion for an out of time appeal" filed on January 11, 2013, in the Georgia Court of Appeals. (Doc. No. 15-1, pp. 35-39). The record reveals no ruling on this motion.

[4] Smith's § 2254 petition states that he has not challenged his conviction in state or federal court previously. (Doc. No. 1).

[5] An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—

> (A) the applicant has exhausted the remedies available in the courts of the State; or
>
> (B)(i) there is an absence of available State corrective process; or
>
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b)(1). An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented. 28 U.S.C. § 2254(c).

also extends to a state's collateral review process. <u>Gary v. Ga. Diagnostic Prison</u>, 686 F.3d 1261, 1274 (11th Cir. 2012); <u>Pope v. Rich</u>, 358 F.3d 852, 854 (11th Cir. 2004). Failure to exhaust all claims or to demonstrate that exhaustion is futile prior to bringing a § 2254 petition requires that the petition be dismissed. <u>See</u> <u>Nelson v. Schofeld</u>, 371 F.3d 768, 771 (11th Cir. 2004), *superseded by rule on other grounds as recognized in* <u>Hills v. Washington</u>, 441 F.3d 1374 (11th Cir. 2006).

While a state prisoner's failure to exhaust his remedies in state court ordinarily will result in the automatic dismissal of his federal habeas petition, this is not always true. <u>See</u> 28 U.S.C. §§ 2254(b) and (c). First, a court may deny a petition on the merits without requiring exhaustion "if it is perfectly clear that the applicant does not raise a colorable federal claim." <u>Granberry v. Greer</u>, 481 U.S. 129, 135 (1987); 28 U.S.C. § 2254(b)(2). The State may also explicitly waive the exhaustion requirement. <u>Hills</u>, 441 F.3d at 1376. Finally, a court should not require exhaustion if it has been shown that "there is an absence of available State corrective process," or that "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(B). The exhaustion requirement should not be applied "if the state court has unreasonably or without explanation failed to address petitions for relief." <u>Hollis v. Davis</u>, 941 F.2d 1471, 1475 (11th Cir. 1991).

Smith has not shown that he exhausted his state court remedies before he filed this cause of action. A review of the record demonstrates that Smith has at least one out-of-time motion for direct appeal pending in state court. Smith is now represented by new counsel, but it is clear from the numerous examples in the record that he is capable of filing a *pro se* pleading. Smith fails to show there is an absence of available

AO 72A
(Rev. 8/82)

State corrective process or that circumstances are such that the available process is ineffective. Accordingly, Smith did not exhaust his available remedies prior to filing this petition.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Respondent's Motion to Dismiss be **GRANTED**. It is also my **RECOMMENDATION** that Smith's petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254, be **DISMISSED**, without prejudice.

**SO REPORTED** and **RECOMMENDED**, this 26th day of August, 2013.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)